UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Sallie J. Yost,<br><br>      Plaintiff,<br><br>– against–<br><br>Discover Bank and Equifax Information Services, LLC<br><br>      Defendants. | Civil Action No.<br><br>**COMPLAINT** |

## COMPLAINT

Plaintiff, Sallie J. Yost (hereinafter "Plaintiff"), by and through her attorney, by way of Complaint against Defendants, Discover Bank ("Discover"), and Equifax Information Services, LLC ("Equifax"), alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") and other claims related to unlawful credit reporting practices. The FCRA prohibits furnishers of credit information from falsely and inaccurately reporting consumers' credit information to credit reporting agencies.

## PARTIES

1. Plaintiff, Sallie J. Yost, is an adult citizen of the state of Pennsylvania.

2. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

3. Defendant Discover does business throughout the country and in the state of Pennsylvania. Discover is a "furnisher" of consumer credit information as that term is used in 15 U.S.C. § 1681s-2.

1

4. Defendant Equifax is a corporation, doing business throughout the country and in the state of Pennsylvania. Equifax is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f).

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action arise out of 15 U.S.C. § 1681 and 15 U.S.C. § 1681p, which provides that an action to enforce any liability created under 15 U.S.C. § 1681 may be brought in any appropriate United States District Court, without regard to the amount in controversy.

6. Venue is also proper to 28 U.S.C. § 1391 (b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Pennsylvania.

## FACTUAL ALLEGATIONS

7. Defendant Discover issued an account ending in 31634319 to Plaintiff. The account was routinely reported on Plaintiff's consumer credit report.

8. The consumer report at issue is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1).

9. On or about August 22, 2020, Plaintiff and Zwicker & Associates, P.C., on behalf of Discover, entered into a settlement agreement for the above referenced account. A copy of the settlement agreement is attached hereto as **Exhibit A.**

10. Pursuant to the terms of the settlement, Plaintiff was required to make monthly payments totaling $5,157.95 to settle and close her Discover account.

11. Plaintiff, via her debt settlement representative, timely made the requisite settlement payments. A paid in full letter is attached hereto as **Exhibit B.**

12. However, over six months later, Plaintiff's Discover account continues to be negatively reported.

13. In particular, on a requested credit report dated July 27, 2020, Plaintiff's Discover account was reported with a status of "CHARGE OFF," a balance of $1,265.00, and a past due balance of $1,265.00. The relevant portion of Plaintiff's credit report is attached hereto as **Exhibit C**.

14. This tradeline was inaccurately reported. As evidenced by the enclosed documents, the account was settled for less than full balance and must be reported as settled with a balance of $0.00.

15. On or about October 8, 2020, Plaintiff, via her attorney, notified Defendants of a dispute with completeness and/or accuracy of the reporting of Plaintiff's Discover account. A redacted copy of this letter is attached hereto as **Exhibit D.**

16. Plaintiff disputed the accuracy of the derogatory information reported by Discover to the consumer reporting agencies via certified mail in accordance with 15 U.S.C. § 1681i.

17. In November of 2020, Plaintiff requested updated credit reports for review. The tradeline for Plaintiff's Discover account remained inaccurate, as Defendants failed to correct the inaccuracy. The relevant portion of the November 2020 credit report is attached hereto as **Exhibit E.**

18. Equifax did not notify Discover of the dispute by Plaintiff in accordance with the FCRA, or alternatively, did notify Discover and Discover failed to properly investigate and delete the tradeline or properly update the tradeline on Plaintiff's credit report.

19. If Discover had performed a reasonable investigation of Plaintiff's dispute, Plaintiff's Discover account would have been updated to reflect a "settled" status with a balance of $0.00.

20. Despite the fact that Discover has promised through its subscriber agreements or contracts to accurately update accounts, Discover has nonetheless willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, which has resulted in this inaccurate information remaining on Plaintiff's credit report.

21. Defendants failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report concerning the account in question, thus violating the FCRA.  These violations occurred before, during, and after the dispute process began with Equifax.

22. At all times pertinent hereto, Defendants were acting by and through their agents, servants, and/or employees, who were acting within the scope and course of their employment and under the direct supervision and control of the Defendants herein.

23. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants, and/or employees, was malicious, intentional, willful, reckless,

negligent, and in wanton disregard for federal law and the rights of the Plaintiff herein.

## CLAIM FOR RELIEF

24. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

25. Equifax is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(f).

26. Discover is an entity that, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

27. Discover is reporting inaccurate credit information concerning Plaintiff to one or more credit bureaus as defined by 15 U.S.C. § 1681a.

28. Plaintiff notified Defendants of a dispute on the account's completeness and/or accuracy, as reported.

29. Discover failed to complete an investigation of Plaintiff's written dispute and provide the results of an investigation to Plaintiff and the credit bureaus within the 30-day statutory period as required by 15 U.S.C. § 1681s-2(b).

30. Discover failed to promptly modify the inaccurate information on Plaintiff's credit reports in violation of 15 U.S.C. § 1681s-2(b).

31. Equifax failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes.

32. Equifax failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports concerning the account in question, violating 15 U.S.C. § 1681e(b).

33. As a result of the above violations of the FCRA, Plaintiff suffered actual damages in one or more of the following categories: lower credit score, denial of credit, embarrassment and emotional distress caused by the inability to obtain financing for everyday expenses, rejection of credit card application, higher interest rates on loan offers that would otherwise be affordable, and other damages that may be ascertained at a later date.

34. As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for actual damages, punitive damages, statutory damages, attorney's fees, and costs.

**WHEREFORE**, Plaintiff demands that judgment be entered against Defendants as follows:

1. That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

2. That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n;

3. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o; and

4. That the Court grant such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Respectfully Submitted,

*/s/Mariellen C. Edinburg, Esquire*
MARIELLEN C. EDINBURG, ESQUIRE (#326917)
3411 Silverside Road
Baynard Building, Suite 104-204
Wilmington, DE  19810
(212) 226-5081 ext 5663
Mariellen.e@gitmeidlaw.com
*Attorney for Plaintiff*
